DAVIS WRIGHT TREMAINE LLP
Gregory Hendershott, *pro hac vice*
(greghendershott@dwt.com)
Matt Jedreski, *pro hac vice*
(mjedreski@dwt.com)
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004
Telephone:   (425) 646-6100
Facsimile:    (425) 646-6199

Attorneys for Defendant
LifeStance Health Group, Inc.

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | |
|---|---|
| Jessica McAfee; Lisa Miller; Hanna Naude; Angela Charlton; Cheryl Mitchell; H.L. Smith; Denise Trent; Lydia Potoma; and Jacqueline Silva, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LifeStance Health Group, Inc.,<br><br>Defendant. | Case No. 2:23-cv-01144-DJH<br><br>**DEFENDANT LIFESTANCE HEALTH GROUP INC.'S NOTICE OF DEFENDANT'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 1

I. INTRODUCTION ............................................................................................... 1

II. FACTUAL BACKGROUND .............................................................................. 2

    A. The Parties. ............................................................................................... 2

    B. The Plaintiffs' Employment Agreements with LifeStance. ........................ 3

    C. Plaintiffs' Claims. ...................................................................................... 4

    D. Plaintiffs' Collective and Class Allegations. ............................................. 5

    E. The Earlier Duplicative Lawsuit Filed by Plaintiffs' Counsel in Florida. ... 6

III. ARGUMENT ........................................................................................................ 6

    A. Legal Standard. .......................................................................................... 7

    B. Plaintiffs Fail to State A Claim for Unpaid Wages under the FLSA. ......... 7

    C. Plaintiffs Fail to State A Claim under the FLSA's Anti-Kickback Provision. ................................................................................................... 9

    D. Plaintiffs Fail to State A Claim for Declaratory Relief. ........................... 10

    E. The Declaratory Judgment Claim Should Be Dismissed Due To Duplicative Litigation And Forum Shopping. ..................................... 12

IV. CONCLUSION .................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Armand, et al. v. LifeStance Health Group, Inc. et al.*,
  Case No. 6:23-cv-00103 PGB-EJK (M.D. Fla. January 20, 2023) .............................. 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................. 7

*Astra Veda Corp. v. Disruptive Res. LLC*,
  No. CV-22-00900-PHX-SPL, 2022 WL 3921117 (D. Ariz. Aug. 31, 2022) .............. 13

*Bd. of Trustees of Sw. Carpenters Health & Welfare Tr. v. Jackson*,
  No. CV-22-01781-PHX-SMM, 2023 WL 4488978 (D. Ariz. July 12, 2023) .......... 3, 6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................. 7

*Brennan v. Veterans Cleaning Serv., Inc.*,
  482 F.2d 1362 (5th Cir. 1973) ................................................................................. 10

*Burger v. Mil. Sea Lift Command*,
  189 F.3d 467 (5th Cir. 1999) ................................................................................... 11

*DeJean v. Kelly*,
  No. 8:22-CV-0461-KKM-TGW, 2022 WL 3345329 (M.D. Fla. Aug. 12,
  2022), *appeal dismissed*, No. 22-13048-JJ, 2022 WL 17568522
  (11th Cir. Nov. 3, 2022) .......................................................................................... 12

*Donovan v. 75 Truck Stop, Inc.*,
  No. 80-9-CIV-OC, 1981 WL 2333 (M.D. Fla. July 20, 1981) ................................ 10

*EJM Kyrene Prop. LLC v. KTR Prop. Tr. I*,
  No. CV-13-02660-PHX-SRB, 2014 WL 12672677 (D. Ariz. May 13, 2014) ............ 3

*Fireman's Fund Ins. Co. v. Pers. Commc'ns Devices, LLC*,
  No. CV0904916DDPCWX, 2010 WL 11519994 (C.D. Cal. Oct. 20, 2010) ............ 13

*Immediato v. Rye Neck Sch. Dist.*,
  73 F.3d 454 (2d Cir. 1996) ...................................................................................... 11

*Kirchgessner v. CHLN, Inc.*,
  174 F. Supp. 3d 1121 (D. Ariz. 2016) ....................................................................... 9

*Landers v. Quality Communications, Inc.*,
　771 F.3d 638 (9th Cir. 2014) .................................................................................. 7, 8

*Levine v. Unity Health Sys.*,
　847 F. Supp. 2d 507 (W.D.N.Y. 2012) ........................................................................ 7

*Mayhew v. Gen. Med., PC*,
　No. 18-CV-2177-RJD, 2020 WL 338150 (S.D. Ill. Jan. 21, 2020) .............................. 7

*Principal Life Ins. Co. v. Robinson*,
　394 F.3d 665 (9th Cir. 2005) .................................................................................... 13

*Ramirez-De Leon v. Mujica-Cotto*,
　345 F. Supp. 2d 174 (D.P.R. 2004) ........................................................................... 11

*Richardson v. Mountain Range Restaurants LLC*,
　No. CV-14-1370-PHX-SMM, 2015 WL 1279237 (D. Ariz. Mar. 20, 2015) ............... 8

*Rogers v. American Airlines, Inc.*,
　527 F.Supp. 229 (S.D.N.Y.1981) ............................................................................. 11

*Salazar v. Driver Provider Phoenix LLC*,
　No. CV-19-05760-PHX-SMB, 2020 WL 5748129 (D. Ariz. Sept. 24, 2020) ............. 8

*Slack v. McDaniel*,
　529 U.S. 473 (2000) ................................................................................................. 13

*Tucker v. Harley Davidson Motor Co.*,
　454 F. Supp. 738 (E.D. Wis. 1978) .......................................................................... 12

*United States v. 30.64 Acres of Land*,
　795 F.2d 796 (9th Cir.1986) ..................................................................................... 12

*United States v. Kozminski*,
　487 U.S. 931, 108 S. Ct. 2751, 101 L. Ed. 2d 788 (1988) ........................................ 11

*United States v. Redovan*,
　656 F.Supp. 121 (E.D.Pa.1986), aff'd, 826 F.2d 1057 (3d Cir.1987) ........................ 12

*United States v. Ritchie*,
　342 F.3d 903 (9th Cir. 2003) ...................................................................................... 3

*Wilton v. Seven Falls Co.*,
　515 U.S. 277 (1995) ................................................................................................. 13

**STATUTES**

28 U.S.C.
    § 2201(a) ................................................................................................................ 10

**RULES**

Federal Rules of Civil Procedure
    Rule 12(b)(6) ....................................................................................................... 1, 7
    Rule 23 ............................................................................................................... 5, 12

**CONSTITUTIONAL PROVISIONS**

United States Constitution
    Eighth Amendment ................................................................................................ 11
    Thirteenth Amendment ..................................................................................... passim

**OTHER AUTHORITIES**

29 C.F.R.
    § 531.35 .................................................................................................................... 5
    § 541.605(e)(2) ........................................................................................................ 7

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Defendant LifeStance Health Group, Inc. moves to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

The nine individual plaintiffs worked for defendant LifeStance Health, Inc. in diverse roles (licensed nurse practitioners, licensed therapists, and one clinical counselor) pursuant to a signed employment agreement. They were highly educated, exempt professional employees paid on a "fee basis" method, meaning they earned a set fee for each patient visit or other reimbursable activity. To account for the fact plaintiffs would have a period where their practices and patient loads ramped up, their employment agreements set forth in clear language that they could elect to receive an advance on their compensation. As they earned fees through patient visits, those fees would repay any advanced compensation through paycheck deductions. This compensation arrangement is expressly permitted under the Fair Labor Standards Act according to the United States Department of Labor and federal courts across the country. Each plaintiff signed a written contract making all of this clear. Some of the plaintiffs were paid significant advances on their compensation, then chose to quit working at LifeStance before earning amounts advanced to them.

Even setting aside that the plaintiffs are exempt from the overtime and minimum wage requirements of the Fair Labor Standards Act (FLSA), plaintiffs' vague allegations of inadequate pay are insufficient to state a claim under the FLSA. Plaintiffs also fail to state a claim that the advance-on-compensation agreements constitute wage "kickbacks" in violation of the FLSA because the law is clear that such an arrangement is permissible.

Plaintiffs' third claim for a declaration that their employment agreements amount to slavery in violation of the Thirteenth Amendment fails because the Thirteenth Amendment is only violated when a party literally has no choice but to keep working – here, plaintiffs had that choice (and in fact chose not to work at LifeStance anymore). Plaintiffs' counsel also has brought an identical declaratory judgment claim on behalf of an overlapping class of plaintiffs in the United States District Court for the Middle District of Florida (the "Florida Class Action"), which is subject to a pending motion to dismiss. This forum shopping and duplicative litigation serves as another basis for dismissal.

Finally, plaintiffs' class and collective allegations should be dismissed for two reasons. First, the allegations are insufficient to plead plausible class and collective claims, not only for the defects summarized above, but also because plaintiffs do not plead sufficient facts to demonstrate they are similarly situated to the class and collective members whom they seek to represent – all of whom have different jobs titles/duties and who negotiated their employment contracts under different circumstances. And second, plaintiffs' counsel's Florida Class Action brings identical claims on behalf of an overlapping collective and class, creating duplicative and potentially conflicting litigation.

While long on venom and rhetoric, plaintiffs' claims are short on factual allegations and legal support, and should be dismissed.

## II. FACTUAL BACKGROUND

The following allegations come from plaintiffs' complaint and judicially noticeable matters, including the duplicative Florida Class Action.

**A.   The Parties.**

LifeStance is a mental healthcare company focused on providing evidence-based, medically driven treatment services for children, adolescents, and adults suffering from a variety of mental health issues in an outpatient care setting, both in-person and through

its digital health telemedicine alternative. Dkt. 1 ¶¶ 10-11. It is committed to state-of-the-art clinical excellence, partnership and collaboration with other treating health care providers to ensure continuity of care, utilization of data to individually tailor services for continual improvement in outcomes, and a focus on empowering patients to make informed choices to help them achieve their goals. *Id.* at ¶ 12.

The individual plaintiffs are all former LifeStance employees. They worked for LifeStance in different positions as clinical practitioners. Dkt. 1 ¶ 8. Plaintiffs McAfee, Naude, Trent, Miller, and Potoma were licensed nurse practitioners; plaintiffs Charlton, Smith, and Silva were licensed therapists; and plaintiff Mitchell was a licensed professional clinical counselor. Declaration of Matthew Jedreski Exs. 2-9.[1]

**B.  The Plaintiffs' Employment Agreements with LifeStance.**

All of the plaintiffs worked for LifeStance pursuant to a "Provider Employment Agreement." Dkt. 1, ¶¶ 67(e), 142; Jedreski Decl. Exs. 2-9. The relevant terms of the Provider Employment Agreement are:

- The plaintiffs would provide clinical, mental health and other counseling, therapy, evaluation and medical management services within the scope of their licensure (Jedreski Decl. Ex. 2, p. 5);

---

[1] Plaintiffs make repeated reference to their employment contracts throughout their complaint, and base their declaratory relief cause of action on the contracts. While plaintiffs omitted the actual contracts from the complaint, they are properly before the Court on a motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (holding a document is incorporated into a complaint by reference if "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *EJM Kyrene Prop. LLC v. KTR Prop. Tr. I*, No. CV-13-02660-PHX-SRB, 2014 WL 12672677, at *2 (D. Ariz. May 13, 2014) ("[T]he court can consider documents without converting a motion to dismiss into a motion for summary judgment when…'the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them'….") (internal quotation marks omitted and alteration incorporated); *Bd. of Trustees of Sw. Carpenters Health & Welfare Tr. v. Jackson*, No. CV-22-01781-PHX-SMM, 2023 WL 4488978, at *3 (D. Ariz. July 12, 2023) (incorporating agreement into pleadings that was referenced throughout the complaint and was "central" to plaintiff's claim).

- The plaintiffs' compensation would consist of a fee-for-service arrangement, whereby the plaintiff would receive – for each patient service provided – a gross fee of consisting of a percentage of the amount listed on the plaintiff's Region Compensation schedule based on the service provided. This schedule was based on "CPT" codes for various medical services, an industry rate schedule used by Medicare and insurance companies. (*Id.*);

- LifeStance would provide a monthly or biweekly advance on their gross fee compensation. As the plaintiff's earned income based on patient services exceeded the advance amount, the excess earned would go to paying back the advances. The advances could continue for a delineated number of months (from three to twelve, depending on the plaintiff), or until the plaintiff began earning more than the advance amount through fee payments. (*Id.* at p. 6); and

- The contract "contains the entire understanding of the Parties and supersedes any prior or contemporaneous agreements between the Parties relating to this Agreement's subject matter." (*Id.*, § 11.6).

**C.   Plaintiffs' Claims.**

Plaintiffs filed this lawsuit on June 22, 2023. They make vague and conclusory allegations about their compensation, including that they "did not receive all compensation due to them" (Dkt. 1, ¶ 59); they "routinely received compensation at a rate of less than $450 per week for at least one week and as much as twelve weeks, with most having a pay period in which the employee did not receive any compensation for an entire month" (*Id.* at ¶ 62); and that LifeStance "fail[ed] to pay [plaintiffs] minimum wages, overtime wages [and] complete wages free and clear as required by law." (*Id.* at ¶ 107). Plaintiffs' first cause of action is that LifeStance violated the FLSA "by failing to pay the [plaintiffs] minimum wages for all hours worked…." *Id.* at ¶ 113.

Plaintiffs also mischaracterize their standard advance-on-compensation arrangements as illegal "kick-backs" of wages to LifeStance, resulting in times where

plaintiffs would "earn $0 for work conducted or, less than $450.00 in a given week." *Id.* at ¶¶ 124, 127. They bring a second cause of action under C.F.R. § 531.35 for illegal wage "kick-backs" under the FLSA.

Plaintiff's third cause of action is for declaratory relief. They seek a declaration by the Court that the advance compensation arrangement they agreed to in their Provider Employment Agreements was "indentured servitude" in violation of the Thirteenth Amendment, and that as a result LifeStance cannot enforce the advance-on-compensation arrangement and must repay any amounts already remitted by plaintiffs to repay the debt. *Id.* at ¶ 130. They also ask the Court to "eradicate[e] the entire" Provider Employment Agreement based on the Thirteenth Amendment. *Id.* at ¶ 142.

**D.  Plaintiffs' Collective and Class Allegations.**

Plaintiffs included allegations for a collective action under the FLSA, and a class action under Rule 23, seeking to bring their individual claims on behalf of "nonexempt psychiatric and mental health nurse practitioners and other nonphysician employees" who worked at LifeStance anywhere in the United States since January 2020, who:

(1) "Did not receive any compensation from LifeStance, during the individual's employment, for a minimum of at least one week, with many not receiving compensation for as much as twelve weeks";

(2) "Did not receive all compensation due them, to the extent the individual was paid, consistent with LifeStance's obligation to compensate them a percentage of all services billed to patients, insurance companies, and others";

(3) "Paid some portion or all the specious debt obligation conceived solely by LifeStance for its own benefit as a condition of the employee's employment"; and

(4) "Who had deductions from their wages for a debt and other obligations that were never disclosed or explained to them."

*Id.* at ¶ 59. Their FLSA collective claims seek vaguely-alleged unpaid wages on behalf of this highly diverse group of traditionally-exempt employees, and they seek via their class claim to declare the employment agreements of all of these individuals to be void and unenforceable under the Thirteenth Amendment.

### E.  The Earlier Duplicative Lawsuit Filed by Plaintiffs' Counsel in Florida.

Earlier this year, on January 20, 2023, plaintiffs' counsel filed the Florida Class Action, a nearly word-for-word identical lawsuit on behalf of current and former LifeStance nurse practitioners and other "clinicians" in the United States District Court for the Middle District of Florida. *See* Jedreski Decl. ¶ 2, Ex. 1; *Armand, et al. v. LifeStance Health Group, Inc. et al.*, Case No. 6:23-cv-00103 PGB-EJK (M.D. Fla. January 20, 2023).[2] Both this lawsuit and the Florida Class Action allege identical claims on behalf of current and former LifeStance clinicians. In the Florida Class Action, LifeStance filed a motion to dismiss that is substantially similar to this one, which has been fully briefed by the parties and is under consideration by the District Court. Jedreski Decl. ¶ 3.

Defense counsel conferred with plaintiffs' counsel over the deficiencies set forth in this motion, but the parties were unable to reach an agreement, necessitating this motion. Jedreski Decl ¶ 14.

### III.  ARGUMENT

Plaintiffs have failed to state claim for failure to pay wages under the FLSA because they allege no specific facts that any individual plaintiff worked time that was not compensated. They have failed to state a claim for violation of the FLSA's "anti-kickback" provision because they allege a written agreement whereby LifeStance would

---

[2] LifeStance requests the Court take judicial notice of: (1) the docket of the Florida Class Action, (2) that the Florida Class Action was filed by plaintiffs' counsel, and (3) that the Florida Class Action makes the allegations contained therein (but not of the truth of any allegations). *See Bd. of Trustees of Sw. Carpenters Health & Welfare Tr. v. Jackson*, No. CV-22-01781-PHX-SMM, 2023 WL 4488978, at *3 (D. Ariz. July 12, 2023) (publicly filed complaints are subject to judicial notice).

provide advance compensation and recoup amounts that were not earned – an arrangement endorsed by the Department of Labor and federal courts as consistent with the FLSA. And they fail to state a claim for declaratory relief because their allegations demonstrate definitively that LifeStance did not violate the Thirteenth Amendment.

### A.  Legal Standard.

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570. While the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor, the Court is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In the Ninth Circuit, the *Iqbal/Twombly* standard applies to FLSA collective and class actions, which may be dismissed for failure to state a plausible claim. *Landers v. Quality Communications, Inc.,* 771 F.3d 638, 646 (9th Cir. 2014).

### B.  Plaintiffs Fail to State A Claim for Unpaid Wages under the FLSA.

Plaintiffs were highly educated, licensed professionals exempt from the FLSA's overtime and minimum wage provisions. *See* 29 C.F.R. § 541.605(e)(2) (stating that registered nurses – who require less education and exercise less independence than nurse practitioners – typically qualify for the exemption); *Mayhew v. Gen. Med., PC*, No. 18-CV-2177-RJD, 2020 WL 338150, at *6 (S.D. Ill. Jan. 21, 2020) (nurse practitioners qualify for learned professional exemption); *Levine v. Unity Health Sys.*, 847 F. Supp. 2d 507, 511 (W.D.N.Y. 2012) (licensed mental health therapists and counselors qualify for learned professional exemption). Even setting aside the exemption, plaintiffs have failed

NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
CASE NO.: 2:23-cv-01144-DJH

7

to state a claim for unpaid wages under the FLSA because their Complaint does not allege the amount and extent of their work as needed to establish a *prima facie* case of an FLSA violation. Further, plaintiffs' attempt to plead this claim on a collective basis fails because they do not set forth sufficient allegations that other individuals are similarly situated to them.

Plaintiffs must include some level of specificity to plead a claim under the FLSA. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644–45 (9th Cir. 2014), as amended (Jan. 26, 2015) ("We agree with our sister circuits that in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek."). In *Landers*, the Ninth Circuit affirmed dismissal of the plaintiff's FLSA claims because the complaint "did not allege facts showing that there was a given week in which [the plaintiff] was entitled to but denied minimum wages or overtime wages." *Id.* at 645; *see also Salazar v. Driver Provider Phoenix LLC*, No. CV-19-05760-PHX-SMB, 2020 WL 5748129, at *5 (D. Ariz. Sept. 24, 2020) (dismissing FLSA claims where plaintiffs failed to allege a specific week in which they were not paid minimum wage for hours worked).

Plaintiffs have not pled their FLSA claim with the required specificity. Instead, they have only asserted conclusory allegations that LifeStance failed to pay them "minimum wages, overtime wages [and] complete wages free and clear as required by law." *See* Section II.C, *above*. While they claim in some weeks some plaintiffs earned "less than $450 per week" or did not earn any compensation in a given month, neither of these allegations standing alone amounts to an FLSA violation. *See, e.g., Richardson v. Mountain Range Restaurants LLC*, No. CV-14-1370-PHX-SMM, 2015 WL 1279237, at *5 (D. Ariz. Mar. 20, 2015) (dismissing FLSA claim where plaintiff failed to allege the hours and total compensation for any given workweek, thus failed to allege a failure by

defendant to pay minimum hourly wage for a particular workweek); *Kirchgessner v. CHLN, Inc*., 174 F. Supp. 3d 1121, 1126 (D. Ariz. 2016) (same).

Further, plaintiffs' effort to plead this cause of action on behalf of a collective of other current and former LifeStance employees additionally fails because they do not allege how these employees were similarly situated. Plaintiffs allege they will represent LifeStance employees with diverse job titles and functions, including licensed therapists, licensed psychologists, licensed nurse practitioners, and licensed clinical social workers. Dkt. 25 ¶ 69. But there are no allegations regarding plaintiffs' job duties, let alone allegations of the job duties of these other individuals who worked in different positions (requiring different training and licensure) performing different roles.

Because there are no allegations about how licensed nurse practitioners, licensed therapists, licensed psychologists, and licensed counselors at LifeStance all had similar job duties and were paid the same way, plaintiffs' first cause of action purportedly on behalf of a collective must be dismissed for failure to state a claim.

**C.      Plaintiffs Fail to State A Claim under the FLSA's Anti-Kickback Provision.**

Plaintiffs' second cause of action also fails to state a claim, because their pleadings make clear that they agreed to a plainly written advance-on-compensation arrangement that is legal and has been endorsed by the U.S. Department of Labor. Plaintiffs were compensated solely through fees earned from providing discrete services to patients; to help transition plaintiffs into their new roles while they built up patient bases, the parties agreed that LifeStance would provide advances on their compensation. *See* Section II.B, *above*. The plaintiffs would repay these advances as their income grew. *Id.*

Plaintiffs employ much rhetoric to attack this arrangement – likening it to indentured servitude, *etc*. – but such colorful language cannot obscure the fact that advancing wages is common and legal. The Department of Labor has explained that an employer can advance compensation to an employee and then recoup the advance through paycheck deductions without violating the FLSA:

> "It has been our longstanding position that where an employer makes a loan or an advance of wages to an employee, the principal may be deducted from the employee's earnings even if such deduction cuts into the minimum wage or overtime pay due the employee under the FLSA. Thus, the percentage that [the employer] may deduct to recoup the money owed to it would be at its own discretion or per agreement with employee."

Department of Labor, Wage and Hour Division Opinion Letter of Mar. 20, 1998; *see also* Department of Labor, Wage and Hour Division Opinion Letter of Oct. 8, 2004 (same).[3] Federal courts also have rejected attempts like plaintiffs' to characterize advanced compensation as an illegal kickback. *See Brennan v. Veterans Cleaning Serv., Inc.*, 482 F.2d 1362, 1369 (5th Cir. 1973) (holding it does not violate the FLSA's anti-kickback provision for employer to make advance on compensation to employee and to deduct repayments from employee's paychecks); *Donovan v. 75 Truck Stop, Inc.*, No. 80-9-CIV-OC, 1981 WL 2333, at *13 (M.D. Fla. July 20, 1981) ("[A] requirement that the employee repay the employer does not result in a reduction below minimum wage because the employee actually had free and clear use of the money he…borrowed.").

Consequently, plaintiffs' second cause of action fails to state a claim for violation of the FLSA's anti-kickback provision, and should be dismissed. As with plaintiffs' other FLSA claim, they fail to set forth allegations regarding how the collective they seek to represent – including employees in vastly different jobs, with potentially different employment contracts – were subject to similar practices. Plaintiffs' claim on behalf of others likewise should be dismissed.

**D.     Plaintiffs Fail to State A Claim for Declaratory Relief.**

Plaintiffs' third and final cause of action seeks a declaration pursuant to 28 U.S.C. § 2201(a) that the parties' advance compensation agreement violates the Thirteenth Amendment of the U.S. Constitution, that LifeStance thus cannot enforce the repayment term, and that LifeStance therefore must return any repayments on advanced

---

[3] Both opinion letters are attached to the Jedreski Declaration for the Court's convenience as Exhibits 10 and 11, respectively.

compensation. Dkt. 1 ¶ 130. This claim must be dismissed because it fails to state a plausible claim under the Thirteenth Amendment.

The Thirteenth Amendment outlaws "slavery" and "involuntary servitude." U.S. Const. amend. XIII, § 1. Despite their rhetoric, plaintiffs' allegations foreclose any possible claim that the Provider Employment Agreements violated the Thirteenth Amendment. Federal courts have made clear that "[u]nless a plaintiff alleges that he does not have the option of leaving his job, his claim under the Thirteenth Amendment must be dismissed." *Rogers v. American Airlines, Inc.*, 527 F.Supp. 229, 231 (S.D.N.Y.1981). The Thirteenth Amendment is not violated "whenever an employee asserts that his will to quit has been subdued by a threat which seriously affects his future welfare but as to which he still has a choice, however painful." *Ramirez-De Leon v. Mujica-Cotto*, 345 F. Supp. 2d 174, 193 (D.P.R. 2004). The case law is clear: "When the employee has a choice, even though it is a painful one, there is no involuntary servitude." *Id.*

The plaintiffs here had a choice not to work for LifeStance, as evidenced by the fact they all stopped working for LifeStance pursuant to their own free will. The presence of such a choice – and the absence of physical restraint or the use of legal processes to force continued employment – bars a claim of involuntary servitude. *See Burger v. Mil. Sea Lift Command*, 189 F.3d 467 (5th Cir. 1999) (affirming dismissal of Thirteenth Amendment claim based on employee's allegation he was "given the choice of working for free or be [sic] fired under some pretext," because "[t]hat painful choice, even if true, would not support a claim of involuntary servitude."); *see also United States v. Kozminski*, 487 U.S. 931, 938, 108 S. Ct. 2751, 2757, 101 L. Ed. 2d 788 (1988) (no violation of Thirteenth Amendment where employee "knows he has a choice between continued service and freedom, even if the [employer] has led him to believe that the choice may entail consequences that are exceedingly bad." (internal citation omitted)); *Immediato v. Rye Neck Sch. Dist.*, 73 F.3d 454, 459 (2d Cir. 1996) ("The Thirteenth Amendment does not bar labor that an individual may, at least in some sense, choose not

to perform, even where the consequences of that choice are 'exceedingly bad.'"); *DeJean v. Kelly*, No. 8:22-CV-0461-KKM-TGW, 2022 WL 3345329, at *1 (M.D. Fla. Aug. 12, 2022), *appeal dismissed*, No. 22-13048-JJ, 2022 WL 17568522 (11th Cir. Nov. 3, 2022) (dismissing former employee's claim under Thirteenth Amendment because employee "does not and cannot allege that [defendant] required her to continue her employment."); *Tucker v. Harley Davidson Motor Co.*, 454 F. Supp. 738, 741 (E.D. Wis. 1978) ("[A] claim under the Thirteenth Amendment cannot be sustained unless the plaintiff has no option to work elsewhere.").[4]

Plaintiffs' allegations that they stopped working at LifeStance – even if they felt that choice was a hard one for them – foreclose the possibility of a Thirteenth Amendment claim. Plaintiffs therefore have failed to state a claim for a declaration that the LifeStance's Provider Employment Agreements violate the Thirteenth Amendment, and their third cause of action asking for such relief should be dismissed with prejudice. The same should be true of plaintiffs' claim on behalf of a class under Rule 23, given that the sole basis for such a claim – that the Provider Employment Agreements violate the Thirteenth Amendment – is barred as a matter of law and cannot be remedied through amended pleadings.

### E. The Declaratory Judgment Claim Should Be Dismissed Due To Duplicative Litigation And Forum Shopping.

Plaintiffs' third cause of action should be dismissed for the additional reason that it is duplicative of an identical claim filed in the Florida Class Action by plaintiffs' counsel, on behalf of an overlapping group of putative class members. Plaintiffs here

---

[4] There are numerous examples demonstrating that the Thirteenth Amendment's prohibitions are literal – requiring the true absence of choice – and not figurative, as plaintiffs seem to misapprehend. For example, a state may require an attorney to work pro bono, *United States v. 30.64 Acres of Land*, 795 F.2d 796, 800–01 (9th Cir.1986) (attorney may, in the alternative, choose not to practice law), or require a doctor who has accepted scholarship funds to perform pro bono services, *United States v. Redovan*, 656 F.Supp. 121, 128–29 (E.D.Pa.1986), aff'd, 826 F.2d 1057 (3d Cir.1987) (doctor may choose to pay damages for breach of contract).

seek a declaration regarding the enforceability of the Provider Employment Agreements; their counsel already filed a lawsuit requesting a Florida federal court answer the exact same question. Jedreski Decl. Ex. 1, ¶¶ 128-129. This serial filing represents forum shopping, duplicative litigation, and the potential for inconsistent federal verdicts, and the Court should dismiss the declaratory judgment claim on this additional basis.[5]

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Fireman's Fund Ins. Co. v. Pers. Commc'ns Devices, LLC,* No. CV0904916DDPCWX, 2010 WL 11519994, at *1 (C.D. Cal. Oct. 20, 2010) ("This court has wide discretion to control its docket, and may dismiss a duplicative later-filed action."). Key considerations in whether a district court should entertain a claim under the Declaratory Judgment Act include "the discouragement of the use of declaratory actions as a means of forum shopping, the avoidance of duplicative litigation…the convenience of the parties, and the availability and convenience of other remedies." *Astra Veda Corp. v. Disruptive Res. LLC*, No. CV-22-00900-PHX-SPL, 2022 WL 3921117, at *1 (D. Ariz. Aug. 31, 2022); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) ("[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act...."); *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005) ("The district court must balance concerns of judicial administration, comity, and fairness to the litigants."). These factors all weigh in favor of dismissing the later-filed declaratory judgment claim here given that another federal court is currently ruling on the same claim.

Because plaintiffs' counsel has already filed an identical request for declaratory judgment in the Florida Class Action, this Court should decline to exercise its discretion

---

[5] LifeStance intends to move to stay this action in its entirety pending resolution of the Florida Class Action unless the parties agree to consolidate the cases in a single court.

in hearing an identical request here, and should dismiss the third cause of action with prejudice on this additional ground.

## IV.  CONCLUSION

For the foregoing reasons, LifeStance respectfully requests the Court dismiss plaintiffs' Complaint with prejudice.

Date: August 25, 2023

Respectfully submitted,

DAVIS WRIGHT TREMAIN LLP

By: */s/ Matt Jedreski*
Gregory Hendershott, *pro hac vice*
(greghendershott@dwt.com)
Matt Jedreski, *pro hac vice*
(mjedreski@dwt.com)
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004
Telephone:  (425) 646-6100
Facsimile:  (415) 646-6199

Attorneys for Defendant