DAVIS WRIGHT TREMAINE LLP
Gregory Hendershott, *pro hac vice*
(greghendershott@dwt.com)
Matt Jedreski, *pro hac vice*
(mjedreski@dwt.com)
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004
Telephone:   (425) 646-6100
Facsimile:   (425) 646-6199

Attorneys for Defendant
LifeStance Health Group, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

## PHOENIX DIVISION

| | |
|---|---|
| Jessica McAfee; Lisa Miller; Hanna Naude; Angela Charlton; Cheryl Mitchell; H.L. Smith; Denise Trent; Lydia Potoma; and Jacqueline Silva, individually and on behalf of others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>LifeStance Health Group, Inc.,<br><br>  Defendant. | Case No. 2:23-cv-01144-DJH<br><br>**DEFENDANT LIFESTANCE HEALTH GROUP INC.'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS COMPLAINT** |

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................................................ 1

I.  ARGUMENT ...................................................................................................... 2

    A.  Generalized, Conclusory Allegations Cannot Establish An FLSA Claim for Unpaid Wages. .............................................................................. 2

    B.  Plaintiffs Fail To Refute That The Advance-On-Compensation Program Is Legal. ................................................................................................ 5

    C.  Because Plaintiffs Have Failed To Plausibly Allege That Their Employment Agreements Are Unenforceable, There Is No Declaratory Action Claim. ........................................................................... 7

II. CONCLUSION ................................................................................................. 10

DEFENDANT'S REPLY TO PLAINTIFFS'
RESPONSE TO MOTION TO DISMISS
CASE NO.: 2:23-cv-01144-DJH
4872-8330-9187v.1 0108418-000019

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Brennan v. Veterans Cleaning Serv., Inc.*,
  482 F.2d 1362 (5th Cir. 1973) ............................................................................................... 5

*Coneff v. AT & T Corp.*,
  673 F.3d 1155 (9th Cir. 2012) ............................................................................................... 8

*Davis v. Abington Memorial Hospital*,
  765 F.3d 236 (3d Cir.2014) ................................................................................................... 4

*Dejesus v. HF Management Services, LLC*,
  726 F.3d 85 (2d Cir.2013) ..................................................................................................... 4

*Donovan v. 75 Truck Stop, Inc.*,
  No. 80-9-CIV-OC, 1981 WL 2333 (M.D. Fla. July 20, 1981) .............................................. 6

*Duenas v. Life Care Centers of Am., Inc.*,
  236 Ariz. 130, 336 P.3d 763 (Ct. App. 2014) ....................................................................... 9

*Duran v. Maxim Healthcare Servs. Inc.*,
  CV 17-01072-AB (EX), 2018 WL 5915644 (C.D. Cal. Mar. 9, 2018) ................................. 5

*Ferrara v. 21st Century N. Am. Ins. Co.*,
  245 Ariz. 377, 429 P.3d 1171 (Ct. App. 2018) ..................................................................... 9

*Gullett ex rel. Estate of Gullett v. Kindred Nursing Ctrs. W., L.L.C.*,
  390 P.3d 378 (Ariz. Ct. App. 2017) ...................................................................................... 9

*Ketner v. Branch Banking & Tr. Co.*,
  143 F. Supp. 3d 370 (M.D.N.C. 2015) .................................................................................. 6

*Landers v. Quality Commc'ns, Inc.*,
  771 F.3d 638 (9th Cir. 2014) ...................................................................................... 2, 3, 4, 5

*Lozano v. AT & T Wireless Servs., Inc.*,
  504 F.3d 718 (9th Cir. 2007) ................................................................................................. 9

*Luna v. New Hampshire Ball Bearings, Inc.*,
  2:18-CV-10755-AB-JCX, 2021 WL 4539740 (C.D. Cal. Feb. 8, 2021) ............................... 5

*Macris v. Bank of Am., N.A.*,
  CV F 11-1986 LJO SKO, 2012 WL 273120 (E.D. Cal. Jan. 30, 2012) ................................ 8

DEFENDANT'S REPLY TO PLAINTIFFS'
RESPONSE TO MOTION TO DISMISS
CASE NO.: 2:23-cv-01144-DJH
4872-8330-9187v.1 0108418-000019

ii

*Nakahata v. New York–Presbyterian Healthcare System, Inc.*,
   723 F.3d 192 (2d Cir.2013) ............................................................................................... 3

*Pruell v. Caritas Christi*,
   678 F.3d 10 (1st Cir.2012) ................................................................................................ 3

*Richardson v. Mountain Range Restaurants LLC*,
   CV-14-1370-PHX-SMM, 2015 WL 1279237 (D. Ariz. Mar. 20, 2015) ........................ 3

*Schwartz v. 4 Ever Life Int'l Ltd.*,
   No. CV-20-02002-PHX-DJH, 2021 WL 2661469 (D. Ariz. June 29, 2021) ................ 9

*Shann v. Durham Sch. Servs., L.P.*,
   182 F. Supp. 3d 1044 (C.D. Cal. 2016) ........................................................................... 5

*Sovereign v. Deutsche Bank*,
   856 F. Supp. 2d 1203 (D. Or. 2012) ................................................................................ 8

*Zinser v. Accufix Rsch. Inst., Inc.*,
   253 F.3d 1180 (9th Cir.), *opinion amended on denial of reh'g*, 273 F.3d 1266
   (9th Cir. 2001) ............................................................................................................... 10

**STATUTES**

Fair Labor Standards Act (FLSA) ........................................................................... passim

**RULES**

Fed. R. Civ. P. 23 .............................................................................................................. 8

**CONSTITUTIONAL PROVISIONS**

Thirteenth Amendment to the United States Constitution ........................................ 1, 7, 8

I.     INTRODUCTION

Plaintiffs' response to defendant LifeStance Health Group, Inc.'s motion to dismiss fails to address LifeStance's specific arguments and authority and fails to cite to specific allegations in the pleadings that are needed to establish viable claims.

Regarding plaintiffs' claim for unpaid wages under the Fair Labor Standards Act (FLSA), LifeStance does not move at this stage for dismissal based on the professional exemption; this claim should be dismissed because plaintiffs fail to allege any specific week in which they did not receive either minimum wage or overtime. Their generalized allegations about not being paid minimum wage or overtime are the exact sort of allegations the Ninth Circuit has established are insufficient to state a claim, and the plaintiffs fail to address or distinguish this binding authority.

Regarding plaintiffs' claim LifeStance's advance-on-compensation program violates the FLSA's anti-kickback law, plaintiffs do not even try to refute the black-letter federal caselaw and Department of Labor guidance holding that employers and employees can agree to such programs, even if deductions to repay bona fide loans or advances brings an employee's pay below minimum wage. Instead, plaintiffs cite to a single case where an employer sought to charge former employees for illegitimate "training" costs – circumstances both factually and legally distinguishable from the situation here.

And regarding plaintiffs' declaratory relief claim, plaintiffs appear to pivot in their response to say that this is not about the Thirteenth Amendment but instead about the alleged unconscionability of the advance-on-compensation provision. Even setting aside how that differs from the allegations in the complaint, plaintiffs have pled no facts to support unconscionability. There are no allegations of procedural unconscionability, e.g. they were tricked or coerced into signing the employment agreement or accepting an advance on compensation (which is not mandatory). Further, as set forth above, an advance-on-compensation agreement is legal, and plaintiffs offer no authority to the

contrary that might establish substantive unconscionability. Without any factual or legal basis to invalidate the advance-on-compensation provision, there is no actual "case or controversy" for this Court to adjudicate; plaintiffs simply not liking the enforceable contract they signed is insufficient.

Finally, while plaintiffs assert that they have adequately alleged how they are similarly situated to the putative collective or class members, they do not (because they cannot) cite to specific allegations in their complaint explaining why that is so. Conclusory allegations are insufficient, but that is all plaintiffs have. The Court thus should grant LifeStance's motion to dismiss claims by the plaintiffs individually and on behalf of a putative class and collective of employees in different positions governed by different state laws.

## I. ARGUMENT

### A. Generalized, Conclusory Allegations Cannot Establish An FLSA Claim for Unpaid Wages.

While LifeStance's motion pointed out that plaintiffs are exempt professional employees under federal regulations and case law – something that will defeat their claims should this case proceed – LifeStance did not move to dismiss based on this affirmative defense. Instead, LifeStance moved to dismiss because the complaint fails to allege a specific workweek in which any of them were not paid federal minimum wage for hours worked, or in which they worked over forty hours but were not paid overtime wages. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644–45 (9th Cir. 2014), as amended (Jan. 26, 2015) (affirming dismissal of FLSA claim where complaint "did not allege facts showing that there was a given week in which [the plaintiff] was entitled to but denied minimum wages or overtime wages.").

Plaintiffs' response only proves LifeStance's point. They do not (because they cannot) cite to allegations in the complaint that there was a given week in which each plaintiff earned but did not receive minimum wage or worked over forty hours and was

DEFENDANT'S REPLY TO PLAINTIFFS'
RESPONSE TO MOTION TO DISMISS
CASE NO.: 2:23-cv-01144-DJH
4872-8330-9187v.1 0108418-000019

2

not paid 1.5 times their regular rate for hours over forty; instead, they cite to the same generalities highlighted by LifeStance as deficient under the FLSA pleading standard. For example, that LifeStance "refused to pay Plaintiffs 'minimum wages, overtime wages, and wages in general … for one or more workweeks ….'" (ECF No. 27, 5:19-21); that "Plaintiffs routinely worked 40 or more hours per week several times a month … and many of the Plaintiffs went through periods in which they did not receive any compensation for an entire month" (*Id.* at 6:1-3); and that LifeStance "deprived [plaintiffs] of earning at least the federal minimum wage for all hours worked, and/or failed to pay them overtime wages when appropriate" (*Id*. at 6:5-7).

None of the above statements includes a specific allegation of a given workweek in which a specific plaintiff did not receive minimum wages owed for hours worked or worked over forty hours and did not receive overtime pay (indeed, the vast majority of Plaintiffs' workweeks were more part-time than full-time). They are conclusory recitations of the elements of an FLSA cause of action – exactly what the Ninth Circuit and Arizona district courts deem insufficient at the pleading stage. *See, e.g., Richardson v. Mountain Range Restaurants LLC*, CV-14-1370-PHX-SMM, 2015 WL 1279237, at *6 (D. Ariz. Mar. 20, 2015) (dismissing FLSA claim based on conclusory allegations of failure to pay minimum wage and a failure to allege "that during any particular week, the average of [plaintiff's] hourly wages was less than the federal minimum wage.").

In establishing the FLSA pleading standard in *Landers*, the Ninth Circuit highlighted cases in other circuits to illustrate how allegations that are "little more than a paraphrase of the statute" fail to state a claim under the FLSA. For example:

- Plaintiffs "regularly worked hours over forty in a week and were not compensated for such time." 771 F.3d at 642 (*quoting Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir.2012) (affirming dismissal of FLSA claim));
- Plaintiffs "were not paid for overtime hours worked" and "were not compensated for work performed during meal breaks, before and after shifts, or during required

DEFENDANT'S REPLY TO PLAINTIFFS'
RESPONSE TO MOTION TO DISMISS
CASE NO.: 2:23-cv-01144-DJH
4872-8330-9187v.1 0108418-000019

3

> trainings." *Landers*, 771 F.3d at 643 (*quoting Nakahata v. New York–Presbyterian Healthcare System, Inc.*, 723 F.3d 192 (2d Cir.2013) (affirming dismissal of FLSA claim));

- Plaintiff "alleged that in 'some or all weeks she worked more than forty hours a week without being paid 1.5 times her rate of compensation.'" *Landers*, 771 F.3d at 643 (*quoting Dejesus v. HF Management Services, LLC*, 726 F.3d 85, 89 (2d Cir.2013) (affirming dismissal of FLSA claim));

- Plaintiffs "typically worked shifts totaling between thirty-two and forty hours per week and … frequently worked extra time." *Landers*, 771 F.3d at 643 (*quoting Davis v. Abington Memorial Hospital*, 765 F.3d 236 (3d Cir.2014)).

The Ninth Circuit agreed with these sister circuits that such "conclusory allegations that merely recite the statutory language" are insufficient to state a plausible claim under the FLSA. *Landers*, 771 F.3d at 644. Instead, the FLSA "require[s] plaintiffs to provide some factual context that will nudge their claim from conceivable to plausible." *Id*. at 643.

Plaintiffs' allegations here mirror the deficient allegations cited above, which simply paraphrase the FLSA and fail to detail any given week in which any plaintiff earned but was not paid what was owed to them under the FLSA. Plaintiff's first cause of action thus should be dismissed consistent with *Landers*.

Finally, plaintiffs do not refute LifeStance's argument that they fail to allege facts sufficient to show that putative class or collective members – who held different positions than plaintiffs in different states with different education and licensing requirements, supervisors, work rules, job duties, and pay – are similarly situated to them. Once again, plaintiffs rely on conclusory statements that they are similarly situated; the most detailed explanation provided by plaintiffs is that all of these "non-physician providers" are "similarly situated in that they were subjected to LifeStance's unlawful employment practices while performing services on LifeStance's behalf, such as providing treatment

DEFENDANT'S REPLY TO PLAINTIFFS'
RESPONSE TO MOTION TO DISMISS
CASE NO.: 2:23-cv-01144-DJH
4872-8330-9187v.1 0108418-000019

4

to children, adolescents, and adults suffering from a variety of mental health issues and increasing profits for the benefit of LifeStance through their activities." ECF No. 1, ¶ 76. That just generally describes LifeStance's business; it does not describe what these different positions are actually doing for LifeStance. "[W]ithout useful descriptions of Plaintiffs' job positions or the job positions Plaintiffs intend to include in" their proposed collective action, "the Court is unable to determine whether Plaintiffs and the individuals" in the proposed collective "were subjected to the same unlawful employment practices and were similarly affected by them." *Shann v. Durham Sch. Servs., L.P.*, 182 F. Supp. 3d 1044, 1047 (C.D. Cal. 2016) (granting motion to dismiss FLSA collective claim based on *Landers*); *see also Duran v. Maxim Healthcare Servs. Inc.*, CV 17-01072-AB (EX), 2018 WL 5915644, at *7 (C.D. Cal. Mar. 9, 2018) ("Plaintiffs' vague class allegations encompassing individuals with radically different job duties in different working environments also render the class definition overbroad," dismissing FLSA collective claim); *Luna v. New Hampshire Ball Bearings, Inc.*, 2:18-CV-10755-AB-JCX, 2021 WL 4539740, at *5 (C.D. Cal. Feb. 8, 2021) (dismissing FLSA collective claim that "encompasse[d] individuals with different job duties in different working environments with different schedules" because it was "overbroad."). Plaintiffs' collective claim for unpaid wages on behalf of this overly broad and incredibly diverse (yet undefined) group of employees must also be dismissed.

**B.     Plaintiffs Fail To Refute That The Advance-On-Compensation Program Is Legal.**

LifeStance provided clear authority that the FLSA does not prohibit an employer from providing a loan or advance-on-compensation to its employees and to deduct repayments from employees' paychecks "**even if such deduction cuts into the minimum wage or overtime pay due the employee under the FLSA**." Department of Labor, Wage and Hour Division Opinion Letter of Mar. 20, 1998 (emphasis added); *see also Brennan v. Veterans Cleaning Serv., Inc.*, 482 F.2d 1362, 1369 (5th Cir. 1973)

DEFENDANT'S REPLY TO PLAINTIFFS'
RESPONSE TO MOTION TO DISMISS
CASE NO.: 2:23-cv-01144-DJH
4872-8330-9187v.1 0108418-000019

5

(holding it does not violate the FLSA's anti-kickback provision for employer to make advance on compensation to employee and to deduct repayments from employee's paychecks); *Donovan v. 75 Truck Stop, Inc.*, No. 80-9-CIV-OC, 1981 WL 2333, at *13 (M.D. Fla. July 20, 1981) ("[A] requirement that the employee repay the employer does not result in a reduction below minimum wage because the employee actually had free and clear use of the money he … borrowed.").

Plaintiffs do not address this authority at all. Instead, they repeat their allegations and characterize the written agreements they signed as a "scheme." ECF No. 27, pp. 8-9. But plaintiff's characterizations and conclusory statements about illegality do not change the black-letter law presented by LifeStance in its motion. Plaintiffs cite just one case, *Ketner v. Branch Banking & Tr. Co.*, 143 F. Supp. 3d 370 (M.D.N.C. 2015), which is inapposite. There, the employer sought to recoup alleged "training costs" from an employee. *Id.* at 383. The court found this was a plausible anti-kickback claim because the "training" conferred no benefit to the employees beyond the onboarding they needed for their jobs, and the employer sought to recoup nearly a full year's salary to "pay" for that "training." *Id*. at 383-84. The employees in *Ketner* did not have free-and-clear use of those wages because they immediately owed those wages back to their employer for vague and valueless "training." That is a true kickback.

Here, plaintiffs were not asked to repay "training" costs; they agreed to receive an advance on their compensation and agreed to repay any portion they did not ultimately earn. So, plaintiffs received wages, and had free-and-clear use of them; the only thing plaintiffs had to pay back were wages they ultimately did not earn. The Department of Labor has blessed this arrangement specifically as have the federal courts cited above. *See* Department of Labor, Wage and Hour Division Opinion Letter of Mar. 20, 1998 ("**It has been our longstanding position** that where an employer makes a loan or an advance of wages to an employee, the principal may be deducted from the employee's earnings even if such deduction cuts into the minimum wage or overtime pay due the employee

DEFENDANT'S REPLY TO PLAINTIFFS'
RESPONSE TO MOTION TO DISMISS
CASE NO.: 2:23-cv-01144-DJH
4872-8330-9187v.1 0108418-000019

6

under the FLSA.") (emphasis added).  Plaintiff does not try to overcome this black-letter law because they cannot; their efforts to knock down a straw argument by likening this to a different situation (repayment for "training" costs) fail to establish a plausible claim for violation of the FLSA's anti-kickback regulation, as do plaintiffs' hypotheticals about "unscrupulous" practices that are not found in the pleading.  *See* ECF No. 27, 9:14-10:18.  Plaintiffs' second cause of action should be dismissed as to them individually and to the putative collective and class members.

### C. Because Plaintiffs Have Failed To Plausibly Allege That Their Employment Agreements Are Unenforceable, There Is No Declaratory Action Claim.

While plaintiffs now assert that the advance-on-compensation benefit that they signed up for is unenforceable, the complaint does not contain allegations sufficient to state a claim that it is.  Plaintiffs assert in their response that this is not a claim based on the Thirteenth Amendment after all, but that is contrary to their complaint which begins by stating "this scheme to recoup wages constitutes a violation of the Thirteenth Amendment to the United States Constitution."  ECF No. 27, ¶ 1.  Plaintiffs' complaint describes the advance-on-compensation as "slavery" four times, and as "servitude" seventeen times, and as "indenture" thirty-two times.  Plaintiffs concede in their response that the advance-on-compensation benefit does not violate the Thirteenth Amendment – apparently admitting that they are just casually comparing their employment to the horrors of slavery.  The ironic reality is that plaintiffs actually were overpaid because they never provided the services to recover the large advances they accepted and have never repaid those amounts they never earned.

In any event, the employment agreement and the advance-on-compensation provision in particular are short and clear, and there are no allegations plaintiffs were forced to sign, were not given adequate opportunity to review or consult counsel, or were in some way duped into agreement – in sum, no allegations to support that the advance-on-compensation agreement was procedurally unconscionable.  Further, plaintiffs'

DEFENDANT'S REPLY TO PLAINTIFFS'
RESPONSE TO MOTION TO DISMISS
CASE NO.: 2:23-cv-01144-DJH
4872-8330-9187v.1 0108418-000019

7

implicit allegation that the provision is substantively unconscionable fails. Plaintiffs acknowledge the provision does not violate the Thirteenth Amendment, and to the extent plaintiffs rely on the FLSA's anti-kickback regulation, the case law above makes clear they have no underlying claim the agreement is unenforceable. Therefore plaintiffs have failed to plead a viable declaratory judgment claim which requires plaintiffs to "provide some basis in law that, when considered in light of their factual allegations, shows [p]laintiffs have a legal 'justiciable' dispute with [d]efendants that the Court has authority to resolve by declaration." *Sovereign v. Deutsche Bank*, 856 F. Supp. 2d 1203, 1210 (D. Or. 2012) (dismissing declaratory relief claim where plaintiffs failed to provide a legal basis supporting the declaration sought); *Macris v. Bank of Am., N.A.*, CV F 11-1986 LJO SKO, 2012 WL 273120, at *7 (E.D. Cal. Jan. 30, 2012) ("In the absence of a viable claim and an actual controversy, the complaint fails to support declaratory relief to warrant dismissal of the complaint's first claim."). Plaintiffs' regret that they agreed to an enforceable provision – and their desire to have it voided – do not create a "case or controversy" befitting adjudication by a federal court.

Further, to the extent Plaintiffs wish to represent a class under Fed. R. Civ. P. 23 seeking to invalidate their agreement to and use of the advance-on-compensation provision, because such provision is unconscionable, such allegations must be dismissed. Whether an agreement is unenforceable because it is unconscionable is a question of state law. *Coneff v. AT & T Corp.*, 673 F.3d 1155, 1161 (9th Cir. 2012). The Provider Employment Agreements at issue have different choice-of-law provisions depending on the work location of the provider; for example:

| Plaintiff | State Law Governing Agreement |
|---|---|
| Angela Charlton, Denise Trent | Virginia (ECF No. 20-2 at 6, ECF No. 20-4 at 6) |
| Cheryl Mitchell, Lydia Potoma | Ohio (ECF No. 20-3 at 6; ECF No. 20-5 at 6) |
| Jacqueline Silva | North Carolina (ECF No. 20-6 at 6) |
| Hannah Naude | Georgia (ECF No. 20-7 at 6) |
| Jessica McAfee | Tennessee (ECF No. 20-8 at 6) |
| Lisa Miller | Oregon (ECF No. 20-9 at 6) |

DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS
CASE NO.: 2:23-cv-01144-DJH
4872-8330-9187v.1 0108418-000019

8

Under Arizona law (and in other states), deciding whether an agreement is unconscionable "requires a case-by-case analysis" focusing on "'fairness of the bargaining process,' including the existence of 'unfair surprise, fine print clauses, mistakes, or ignorance of important facts or other things that mean bargaining did not proceed as it should.'" *Schwartz v. 4 Ever Life Int'l Ltd.*, No. CV-20-02002-PHX-DJH, 2021 WL 2661469, at *3 (D. Ariz. June 29, 2021) (quoting *Gullett ex rel. Estate of Gullett v. Kindred Nursing Ctrs. W., L.L.C.*, 390 P.3d 378, 386 (Ariz. Ct. App. 2017); *see also Duenas v. Life Care Centers of Am., Inc.*, 236 Ariz. 130, 135, 336 P.3d 763, 768 (Ct. App. 2014) (determining whether a contract is procedurally unconscionable requires the court to "examine each transaction on its own facts"). Proving unconscionability requires a party offer "specific, non-speculative" evidence of why the terms or unconscionable for them. *Schwartz*, 2021 WL 2661469 at *4.

In sum, plaintiffs' theory that the Provider Employment Agreement is unenforceable because it is unconscionable requires: (1) a survey of state laws on unconscionability resulting in different plaintiffs being subjected to different legal standards, and (2) a fact-specific inquiry for each plaintiff heavily dependent on the circumstances under which they entered the agreement, including their interactions with various recruiters, managers, and human resources staff, how they were presented with the agreement, and specifically why that agreement is substantively unconscionable for them. Because individualized questions of law and fact would predominate any inquiry into unconscionability, this claim cannot be made on a class-wide basis. *See Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 728 (9th Cir. 2007) (district court properly held class certification was not appropriate where it "would necessitate a state-by-state review of contract conscionability jurisprudence."); *Ferrara v. 21st Century N. Am. Ins. Co.*, 245 Ariz. 377, 382, 429 P.3d 1171, 1176 (Ct. App. 2018) ("We are persuaded that in the instant case, a confluence of factors, including… the variances in state law on a core issue, could create issues sufficient to preclude class certification on the grounds of

DEFENDANT'S REPLY TO PLAINTIFFS'
RESPONSE TO MOTION TO DISMISS
CASE NO.: 2:23-cv-01144-DJH
4872-8330-9187v.1 0108418-000019

9

1  numerosity, commonality, and typicality."); *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir.), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001) (affirming denial of class certification where "individualized issues and variances in state law" would determine liability).  If individuals wish to challenge the enforceability of their employment agreements, they are free to do what the named plaintiffs have done here and bring a lawsuit in the appropriate jurisdiction.

Plaintiffs' claim for declaratory relief thus fails to state a cause of action both for them individually and on behalf of a class and should be dismissed.

## II.   CONCLUSION

For the foregoing reasons, the Court should grant LifeStance's motion to dismiss the complaint with prejudice.

Date: October 4, 2023                                   Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP


By: */s/ Matthew Jedreski*
Gregory Hendershott, *pro hac vice*
(greghendershott@dwt.com)
Matt Jedreski, *pro hac vice*
(mjedreski@dwt.com)
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004
Telephone:   (425) 646-6100
Facsimile:    (415) 646-6199

Attorneys for Defendant

DEFENDANT'S REPLY TO PLAINTIFFS'
RESPONSE TO MOTION TO DISMISS
CASE NO.: 2:23-cv-01144-DJH
4872-8330-9187v.1 0108418-000019

10