Kevin K. Ross (*pro hac vice*)
éclat Law PA
307 Cranes Roost Blvd., Suite 2010
Altamonte Springs, Florida 32701
Telephone: (407) 636-7004
kevin.ross@eclatlaw.com
teamross@eclatlaw.com

Attorneys for the Lead Plaintiffs and the Classes

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

*Jessica McAfee, et al.*

                Plaintiffs,

v

*Lifestance Health Group, Inc.*,

                Defendant.

Case No: 23-01144-PHX-DJH

*Lead Plaintiffs' Request for the Court to Take Judicial Notice of Adjudicative Fact*

Lead Plaintiffs file this request for the Court to take judicial notice of a February 1, 2024, Order entered by United States District Court Judge Paul G. Byron, pursuant to which the Court denied this Defendant's motion seeking to dismiss the Amended Complaint in *Armand et al v. Lifestance Health Group, Inc.*, Case No. 6:23-cv-103-PGB-EJK (MD Fla. 2023) - which Defendant has repeatedly argued is the same pleading filed in the instant action, and in support thereof Lead Plaintiffs state the following:

    1.    One of the Defendant's main grievances in this lawsuit is the fact that the attorneys representing the Lead Plaintiffs in this case have filed a collective and class action lawsuit in the United States District Court for the Middle District of Florida captioned *Armand et al v. Lifestance Health Group, Inc.*, Case No. 6:23-cv-103- PGB-EJK

(M.D.Fla 2023) (the "*Florida Class Action Case*"), which Defendant claims is nearly identical to this lawsuit. To be precise, the Defendant has stated that other than the named plaintiffs, the allegations in each pleading are identical - the Defendant describes the Florida Class Action Case as "a nearly word-for-word identical lawsuit". *See* Document # 19, p. 11.

2. Additionally, the Defendant refers to the Florida Class Action Case in its comments included in the parties' Joint Case Management Report (Doc # 24)[1] and in its motion seeking to dismiss this case filed on August 25, 2023 (Document # 19).

3. Moreover, The Defendant, in its Motion to Dismiss, asked this Court to take judicial notice of the docket in the Florida Class Action Case. *See* Document # 19, p. 11.

4. Defendant has expressed concern about the potential for inconsistent rulings concerning the two motions to dismiss, although it has not taken any effective measures to address this issue other than to raise it in the Joint Case Management Report and loosely in its Motion to Dismiss this case. *See* Documents # 19, 24.

5. Lead Plaintiffs, in response to Defendant's unwarranted but stated concerns, believed it prudent to share with this Court the Report and Recommendation entered in the Florida Class Action Case on October 27, 2023, pursuant to which the Magistrate Judge Embry J. Kidd recommended that the District

---

[1] *See* Doc # 24, lines 17-23 on p. 6 and again on lines 19-21 of p. 8, and lines 1-19 on p. 9.

1 | Court Judge enter an order ***denying*** Defendant's motion seeking to dismiss that case, which Defendant has repeatedly alleged is virtually identical to this case.  A copy of the Report and Recommendation was filed with this Court on October 30, 2023 (See Document # 29).

6. By Order dated February 1, 2024, United States District Court Judge Paul G. Byron entered an Order (i) overruling Defendant's objection to Magistrate Judge Kidd's Report and Recommendations; (ii) adopting and confirming the report and recommendation and making it a part of the Court's own order; and (iii) denying the motion to dismiss.  A copy of District Court Judge Byron's February 1, 2024 Order denying the Defendant's motion to dismiss is attached and identified as **Exhibit 1**.

7. It is well settled law that a "court may take judicial notice of matters of public record[.]" *Bd. of Trs. of the Sw. Carpenters Health & Welfare Tr. v. Jackson*, No. CV-22-01781-PHX-SMM, 2023 U.S. Dist. LEXIS 120103, at *6 (D. Ariz. July 12, 2023), *citing Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). "As such, judgments and other court documents are proper subjects of judicial notice." *See Bd. of Trs. of the Sw. Carpenters Health & Welfare Tr.*, No. CV-22-01781-PHX-SMM, 2023 U.S. Dist. LEXIS 120103, at *7; *see also United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (finding that it was proper to take judicial notice of a judgment entered in another case that was related to matters at issue in the subject case).

8. Pursuant to Fed. R. Evid. 201(d), "[t]he court may take judicial notice at any stage of the proceeding."

WHEREFORE, Lead Plaintiffs respectfully request this Court to take judicial notice of District Court Judge Byron's February 1, 2024 Order adopting and confirming the Report and Recommendation entered in *Armand et al v. Lifestance Health Group, Inc.*, Case No. 6:23-cv-103-PGB-EJK (MD Fla. 2023) on October 27, 2023, pursuant to which the Court denied Defendant's Motion to Dismiss the Amended Complaint in that case, which should appease the Defendants by ensuring that the rulings in both cases remain consistent.

Respectfully submitted,

*/s/ Kevin K. Ross*
Kevin K. Ross, # 66214
teamross@eclatlaw.com
**éclat Law, P.A.**
307 Cranes Roost Boulevard # 2010
Altamonte Springs, Florida 32701
Main Line: (407) 636-7004
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court on February 2, 2024, by using the Federal Case Management/Electronic Case Files System (CM/ECF System). Accordingly, a copy of the foregoing is being served on this day to all attorney(s)/interested parties identified on the CM/ECF Electronic Service List, via transmission of Notices of Electronic Filing generated by the CM/ECF System.

*/s/ Kevin K. Ross*
Kevin K. Ross